# Exhibit 1

RETURN DATE:  APRIL 27, 2021  :  SUPERIOR COURT

MAKENZEE MONTANARO  :  FAIRFIELD JUDICIAL DISTRICT

v.         :  AT BRIDGEPORT

JASON YERUSHALMI   :  MARCH  17, 2021

## C O M P L A I N T

### INTRODUCTION

1. Plaintiff Makenzee Montanaro at all times relevant to this matter was a citizen of Connecticut residing in Fairfield, Connecticut.

2. Defendant Jason Yerushalmi, at all times relevant to this matter was a citizen of Connecticut residing in Fairfield, Connecticut.

3. During the 2018 - 2019 academic year, Plaintiff was a Junior at Fairfield Warde High School and Defendant was a Senior at Fairfield Warde High School.

4. Commencing in or about March 19, 2019 and continuing through June 2019, Defendant published statements about, referring to and/or relating to Plaintiff. Also during said time period, Defendant published images which depicted, related to or referred to Plaintiff. Said statements and images, alone and in combination, falsely portrayed Plaintiff in a demeaning, disparaging and offensive manner. Said statements and images, alone and in combination, falsely portrayed Plaintiff in a lewd, lascivious, and sexually provocative manner. Said statements and images, alone and in combination, falsely attributed sexual conduct to Plaintiff. Said statements and images, alone and in combination, falsely attributed to Plaintiff a willingness to perform lewd, lascivious, sexual acts on, to or for others. Said statements and images, alone and in combination,

described and depicted Plaintiff and her physical appearance in a manner invasive of Plaintiff's privacy and likely to cause Plaintiff unwarranted and undeserved humiliation, embarrassment, vulnerability to ridicule, attack, scorn and shame.

5. Said statements and images were published, posted, disseminated and circulated electronically, including on social media, directed to Plaintiff's and Defendant's common high school community and beyond, in a manner calculated to reach, be seen by, inform and influence the widest possible audience of Plaintiff's past, present and future friends, acquaintances, peers, fellow students, teachers, administrators, college admissions professionals and other persons who might happen to know, interact with or have any occasion, need or desire to form or hold an opinion of or about Plaintiff (sometimes hereinafter referred to as "audience").

6. Said statements and images did in fact, reach, influence, inform and impact said audience causing said audience to form false opinions and impressions about Plaintiff, and to negatively contemplate, consider, regard or view her and/or her physical appearance, attributes and behaviors, and to question Plaintiff's good judgment and character, and said audience's previous opinions of her good judgment and character, thereby damaging Plaintiff's reputation, and causing her extreme emotional distress.

7. Defendant was instructed to cease, desist, refrain from and retract said publications. Defendant refused to do so and, in fact, continued to publish such statements and images.

2

8. As a proximate result of said publications Plaintiff has suffered serious damage to her reputation. Plaintiff further suffered serious emotional and psychological pain, anguish, and trauma, which were particularly heightened by the fact that the publications were made during a time in her life when image and respect within the teenage and high school community were of significant importance. Said statements and images were published at the most crucial time for Plaintiff as her efforts, accomplishments and good reputation formed the basis for her applications for admission to college. The tension, stress, fear and humiliation caused by said publications damaged Plaintiff's ability to concentrate in her educational, career and employment pursuits, causing her performances and grades to suffer, which further adversely impacted her hopes, prospects and pursuits with respect to higher education and prospects for employment.

9. Plaintiff has incurred attorney's fees and costs in connection with the activity and litigation produced by said wrongdoing and Plaintiff is entitled to an award of costs and reasonable attorney's fees.

10. Said statements and images were published willfully, wantonly and with reckless disregard for the truth, and plaintiff is entitled to an award of punitive damages.

## COUNT ONE

## DEFAMATION

11. Plaintiff repeats and realleges paragraphs 1-10 as if fully set forth herein.

12. Said statements were false and, therefore, defamatory of Plaintiff.

13. As a proximate result thereof, Plaintiff has been damaged as was more particularly alleged above.

## COUNT TWO

## LIBEL PER SE

14. Plaintiff repeats and realleges paragraphs 1 - 13 as if fully set forth herein.

15. Said publications constitute "libel per se" and plaintiff is entitled to recover as more particularly alleged above.

## COUNT THREE

## MALICE IN FACT

16. Plaintiff repeats and realleges paragraphs 1 - 15 as if fully set forth herein.

17. Said publications constitute "malice in fact" and plaintiff is entitled to recover as more particularly alleged, above.

## COUNT FOUR

## INVASION OF PRIVACY

18. Plaintiff repeats and realleges paragraphs 1 – 17 as if fully set forth herein.

19. Said publications constitute an invasion of Plaintiff's privacy, and plaintiff is entitled to recover as more particularly alleged, above.

4

## COUNT FIVE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiff repeats and realleges paragraphs 1 - 19 as if fully set forth herein.

21. Defendant caused said publications with intent to inflict emotional distress upon plaintiff.

22. Said publications did, in fact, inflict emotional distress upon plaintiff, who was damaged thereby as is more particularly alleged, above.

## COUNT SIX

### INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff repeats and realleges paragraphs 1 - 22 as if fully set forth herein.

24. Said Defendant acted negligently in causing said statements and images to be published, thereby inflicting serious emotional distress upon plaintiff.

25. Said publications did, in fact, inflict serious emotional distress upon plaintiff, who was damaged thereby as is more particularly alleged, above.

**WHEREFORE**, Plaintiff prays for relief as follows:

1. Compensatory damages in an amount determined to be just and reasonable;

2. General damages in an amount determined to be just and reasonable;

3. Special damages in an amount determined to be just and reasonable;

4. Punitive damages in an amount determined to be just and reasonable;

5. Attorneys fees in an amount determined to be just and reasonable;

6. The costs of this action;

7. Such other relief as the Court shall consider to be fair and equitable.

THE PLAINTIFF

By____/s/ Robert J. Sullivan, Jr._____
Robert J. Sullivan, Jr.
LAW OFFICES OF ROBERT SULLIVAN
2220 Park Avenue, Bridgeport, CT 06604
Tel. (203) 227-1404
Juris No. 405837
Her Attorney

RETURN DATE:   APRIL 27, 2021   :      SUPERIOR COURT

MAKENZEE MONTANARO              :      FAIRFIELD JUDICIAL DISTRICT

v.                             :      AT BRIDGEPORT

JASON YERUSHALMI                :      MARCH  17, 2021

## **STATEMENT OF AMOUNT IN DEMAND**

The amount, legal interest or property in demand is not less than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF

By___/s/ Robert J. Sullivan, Jr._____
  Robert J. Sullivan, Jr.
  LAW OFFICES OF ROBERT SULLIVAN
  2220 Park Avenue, Bridgeport, CT 06604
  Tel. (203) 227-1404
  Juris No. 405837
  Her Attorney

7