```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
------------------------------------------------------------ x
CSAA FIRE & CASUALTY INSURANCE                               :
COMPANY,                                                     :
                                                             :
                              Plaintiff,                     :
                                                             :          24-CV-1455 (SFR)
              v.                                             :
                                                             :
JASON YERUSHALMI,                                            :
                                                             :
                              Defendant.                     x
------------------------------------------------------------
```

**MEMORANDUM & ORDER**

Before me is a partial motion to dismiss two of Defendant Jason Yerushalmi's five counterclaims against Plaintiff CSAA Fire & Casualty Insurance Company ("CSAA"), specifically Counts Four and Five. For the reasons set forth below, I grant the partial motion to dismiss in its entirety.

**I.     BACKGROUND**

CSAA brought this action on September 10, 2024. Compl., ECF No. 1. On December 30, 2024, CSAA filed an Amended Complaint seeking a declaratory judgment that, *inter alia*, CSAA has no obligation to defend or indemnify Yerushalmi in connection with a state court action. Am. Compl., ECF No. 18, ¶¶ 38, 42, 50, 55, 62, 67. The state court action was filed on March 17, 2021 against Yerushalmi alleging defamation, libel, malice, invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress ("Liability Complaint"). *See* Am. Compl., ECF No. 18, Ex. 1. The Amended Complaint alleges that Yerushalmi published "disparaging, offensive, lewd, lascivious and sexually provocative" material concerning an individual with whom he attended high school. Am. Compl., ECF No. 18, ¶¶ 12-13.

The Amended Complaint states that Yerushalmi submitted a claim to CSAA seeking defense and indemnification under an insurance policy issued to his parents by CSAA. *Id.* ¶¶ 18-19. According to the Amended Complaint, CSAA denied Defendant's request for defense and indemnification. *Id.* ¶ 33.

Following the filing of the Amended Complaint in the instant case, Yerushalmi filed an Answer on January 6, 2025 with five counterclaims, including (as relevant here) two claims pursuant to state unfair business practices law: (1) Count Four, which alleges bad faith under the Connecticut Unfair Insurance Practices Act ("CUIPA"), and (2) Count Five, which alleges bad faith under the Connecticut Unfair Trade Practices Act ("CUTPA"). Answer, ECF No. 20. This case was transferred to me that same day. ECF No. 21.

On January 24, 2025, CSAA filed this Motion to Dismiss the CUIPA and CUTPA counterclaims. Mot. Dismiss, ECF No. 22. Yerushalmi filed his memorandum in opposition to the Motion on March 17, 2025. Opp'n, ECF No. 25. CSAA filed its reply on March 31, 2025. Reply, ECF No. 27.

## II.    <u>LEGAL STANDARD</u>

"Federal Rule of Civil Procedure 12(b) applies equally to claims and counterclaims; therefore, a motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Xerox Corp. v. Lantronix, Inc.*, 342 F. Supp. 3d 362 (W.D.N.Y. 2018) (citation omitted). A complaint may not survive unless it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility

that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). However, the court is not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008).

### III.   DISCUSSION

CSAA argues that: (1) CUIPA provides no private cause of action, and that Yerushalmi's standalone CUIPA claim is therefore legally deficient, and (2) that Yerushalmi has not alleged sufficient facts to establish, for the purpose of surviving the motion to dismiss, that the denial of his claim is part of a "general business practice" as required for a CUTPA claim. Mot. Dismiss, ECF No. 22, at 4-8.

Yerushalmi offers no argument against CSAA's first point. As to the second point, Yerushalmi argues in his response to the motion to dismiss that "CSAA's denials, in this case alone, constitute a pattern of unfair business, insurance and trade practice," and points to a motion to dismiss from another case, *Cyr v. CSAA Fire & Cas. Ins. Co.,* No. 3:16-CV-085, 2017 WL 1053839 (D. Conn. Mar. 20, 2017), as further evidence of this pattern or practice. Opp'n, ECF No. 25, at 5.

#### A.   Count Four: CUIPA Claim

"CUIPA itself does not provide a private right of action; instead, a plaintiff may assert a private cause of action based on a substantive violation of CUIPA through CUTPA's enforcement provision." *Matteson v. Safeco Ins. Co.*, 593 F. Supp. 3d 5, 26 (D. Conn. 2022) (internal quotation marks omitted); *Tucker v. Am. Int'l Group, Inc.*, 179 F. Supp. 3d 224, 229

(D. Conn. 2016) ("Connecticut courts generally do not recognize a private cause of action under CUIPA; however, violations of CUIPA may be alleged as a basis for a CUTPA claim.") (internal quotation marks omitted); *see also Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 118 (2d Cir. 2001) ("[M]ost federal and Connecticut state courts have determined that the Connecticut Unfair Insurance Practices Act . . . does not provide a private cause of action."). In *Gianetti v. New England Life Insurance Co.*, the court wrote that:

> Courts determining that no private right of action exists under CUIPA primarily base this decision on the following rationale: "1) there is no express authority under CUIPA for private causes of action; 2) CUIPA is not ambiguous; 3) the regulatory scheme under CUIPA contemplates investigation and enforcement actions to be taken by the insurance commissioner; and 4) consequently there is no private cause of action under CUIPA."

No. 3:08CV1847(AVC), 2014 WL 12648551, at *7 (D. Conn. Oct. 20, 2014) (citations omitted). I conclude, in line with these decisions, that Yerushalmi may not bring a standalone claim under CUIPA.

I therefore GRANT the motion to dismiss as to Count Four.

### B.     Count Five: CUTPA Claim

CUTPA does contain a private right of action, and CUIPA claims can be enforced through CUTPA. Indeed, "unless an insurance related practice violates CUIPA or, arguably, some other statute regulating a specific type of insurance related conduct, it cannot be found to violate any public policy and, therefore, it cannot be found to violate CUTPA." *State v. Acordia, Inc.*, 73 A.3d 711, 732 (Conn. 2013); *accord Matteson*, 593 F. Supp. 3d at 26.

"[U]nder CUIPA, isolated instances of unfair settlement practices are not sufficient to establish a claim. The plaintiff must present enough evidence to show that the conduct was created with enough frequency to deem it a 'general business practice' of unfair insurance

4

practices." *Exantus v. Metro. Prop. & Cas. Ins. Co.*, 582 F. Supp. 2d 239, 249 (D. Conn. 2008) (quoting *Mead v. Burns*, 509 A.2d 11, 18-19 (Conn. 1986)) (citations omitted); *accord Davis v. Globe Life & Acc. Ins. Co.*, No. 3:12-CV-01583 VLB, 2013 WL 5436907, at *6 (D. Conn. Sept. 27, 2013).

Yerushalmi provides no specific factual allegations relating to his CUIPA or CUTPA claims. Instead, Counts Four and Five simply incorporate by reference the rest of the counterclaims—which address CSAA's conduct in handling Yerushalmi's specific claim. Counterclaims, ECF No. 20, at 15-16.[1] The counterclaims nowhere allege that CSAA's conduct in processing Yerushalmi's claim amounted to a "general business practice" or provide any information or allegations about CSAA's practices outside of Yerushalmi's case.

In opposing CSAA's motion to dismiss, Yerushalmi argues that the five denial letters issued by CSAA, standing alone, establish such frequency as to indicate a general business practice for the purpose of this analysis. Opp'n, ECF No. 25, at 5. But Connecticut courts have long interpreted "general business practice" under CUIPA to require more than a single claim; several denials or actions related to a single insurance claim by a single claimant are therefore insufficient to establish general business practice under Connecticut law. In *Mead*, the Connecticut Supreme Court held that a single failure to pay a valid insurance claim does not violate CUIPA and therefore does not violate CUTPA. *Mead*, 509 A.2d at 16; *see also Lees v. Middlesex Ins. Co.*, 643 A.2d 1282, 1285-86 (Conn. 1994) ("The gravamen of the plaintiff's

---

[1] In Count Three, which alleges a claim for common law bad faith, Yerushalmi asserts that CSAA "acted in bad faith by, inter alia, withholding benefits that were due under the Policy, misrepresenting relevant facts and insurance policy provisions, refusing to defend when there was cause to believe the claims fell within the terms of the Policy, and refusing to indemnify as required by the Policy." Counterclaims, ECF No. 20, at 15.

claim is that the defendant unfairly failed to settle her claim, and her claim alone. We conclude that the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct . . . in the processing of any other claim, does not rise to the level of a 'general business practice.'"). Courts in this District have held the same. *See Bacewicz v. NGM Ins. Co.*, No. 3:08-CV-1530(JCH), 2009 WL 1929098, at *3 (D. Conn. June 30, 2009) (plaintiffs failed to state a claim under CUTPA where "[t]hey have only alleged improper handling of their own, single insurance claim, which is insufficient to establish a course of conduct constituting a 'general business practice'"); *Clark v. Hanover Ins. Grp., Inc.*, No. 3:24-CV-348 (SVN), 2025 WL 2053366, at *12 (D. Conn. July 22, 2025) (same); *see also Matteson*, 593 F. Supp. 3d at 27 (granting summary judgment on CUTPA claim where plaintiff failed to provide evidence that "the allegedly deceptive business practices [the insurance company] employed in processing her claim extended to the claims of other insureds to the point where they amounted to a general business practice"); *McCulloch v. Hartford Life & Accident Ins. Co.,* 363 F. Supp. 2d 169, 182 (D. Conn. 2005) (concluding that CUTP/CUIPA claim failed where plaintiff showed only that defendant insurance company "wrongfully terminated her disability benefits" and alleged no corresponding general business practice).

Here, although Yerushalmi argues there were multiple separate rejections by CSAA, the rejections all relate to his single insurance claim stemming from the Liability Complaint. Multiple rejections of the same claim do not convert an isolated incident of potential misconduct into a general business practice. Therefore, CSAA's multiple rejections of Yerushalmi's claims do not support the establishment of a general business practice for the purpose of alleging a CUTPA violation.

In his memorandum opposing the motion to dismiss, Yerushalmi cites an opinion denying the motion to dismiss in *Cyr v. CSAA Fire & Cas. Ins. Co.*, which he describes as evidence that "CSAA was alleged to have engaged in the same unfair business practice it is alleged to be engaging in here." Opp'n, ECF No. 25, at 6 (citing No. 3:16-CV-085, 2017 WL 1053839 (D. Conn. Mar. 20, 2017)). But Yerushalmi alleges in his Counterclaims no factual information about CSAA's conduct in that case—or CSAA's conduct with respect to any other claims.[2]

---

[2] Plaintiffs alleging CUTPA violations by insurers may at times overcome a motion to dismiss if they have alleged that the defendant has committed the same proscribed act in other cases. *See Karas v. Liberty Ins. Corp.*, 33 F. Supp. 3d 110, 117 (D. Conn. 2014) (denying motion to dismiss CUIPA/CUTPA claim where plaintiff's complaint cited three other cases where defendant "refused to provide coverage . . . involving other homeowners experiencing the same damages caused by the same mechanism and involving policy language identical to that in the [plaintiffs'] policy"); *Belz v. Peerless Ins. Co.*, 46 F. Supp. 3d 157, 166 (D. Conn. 2014) (stating that in considering whether "plaintiff has made facially plausible factual allegations that, in the circumstances of the particular case, the defendant has engaged in the alleged wrongful acts enough to suggest it has a general business practice of doing so . . . . [r]elevant factors may include: the degree of similarity between the alleged unfair practices in other instances and the practice allegedly harming the plaintiff; the degree of similarity between the insurance policy held by the plaintiff and the policies held by other alleged victims of the defendant's practices; the degree of similarity between claims made under the plaintiff's policy and those made by other alleged victims under their respective policies; and the degree to which the defendant is related to other entities engaging in similar practices").

Here, Yerushalmi's Counterclaims contain no factual information whatsoever relating to CSAA's conduct in other cases. In addition, I note that in *Cyr* the court ultimately granted summary judgment for CSAA on the CUTPA claim because the plaintiff brought forth no evidence that CSAA's conduct amounted to a general business practice. *Cyr v. CSAA Fire & Cas. Ins. Co.*, No. 3:16CV85 (DJS), 2018 WL 7508689, at *9 (D. Conn. Jan. 29, 2018). The court also granted summary judgment on plaintiff's claims alleging breach of contract and breach of the duty of good faith and fair dealing. A case cannot provide evidence of an unfair insurance general business practice where the court found no evidence of wrongdoing. *See Craig v. Colonial Penn Ins. Co.*, 335 F. Supp. 2d 296, 309 (D. Conn. 2004) (holding no general business practice where case cited found no wrongdoing by defendant).

Given that Count Five (and the counts it incorporates) are devoid of allegations that CSAA engaged in violations of CUIPA that constituted a "general business practice," Yerushalmi has failed to state a plausible CUTPA claim and Count Five must be dismissed.

I therefore GRANT the motion to dismiss with regard to Count Five.

### IV. CONCLUSION

CSAA's motion to dismiss Counts Four and Five is hereby granted. Count Four is dismissed with prejudice. Count Five is dismissed with leave to amend. Yerushalmi may file an Amended Answer with an Amended Counterclaim Count Five on or before **October 15, 2025** to remedy the deficiencies identified in this order. If Yerushalmi does not file an Amended Counterclaim, this litigation will proceed with the current Answer and Counterclaims.

**SO ORDERED.**

New Haven, Connecticut
September 16, 2025

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge