UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CSAA FIRE & CASUALTY                    :
INSURANCE COMPANY                       :        No. 3:24cv01455 (VDO)
*formerly known as*                     :
ACA Insurance Company,                  :
                    Plaintiff           :
                                        :
v.                                      :
                                        :
JASON YERUSHALMI,                       :        December 3, 2025
                    Defendant           :

## COUNTERCLAIMANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS

> *Plausibility* at the pleading stage is nonetheless distinct from *probability,* and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." Id. at 556 (quotation marks omitted).
> *Karas v. Liberty Ins. Corp.*, 33 F. Supp. 3d 110 *; 2014 U.S. Dist. LEXIS 98322 ** Emphasis in original.

In *Karas*, Hon. Stefan Underhill denied the insurance carrier's motion to dismiss,

observing:

> A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

> When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868  (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Leeds v.  Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).
> *Karas*, supra, page 113.

And, as the United States Supreme Court observed in *Bell* supra:

1

> Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact *to raise a reasonable expectation that **discovery** will reveal evidence* of illegal agreement.
> *Bell*, supra, page 556, Emphasis Added.

In his amended Counterclaim, Counterclaimant cites numerous examples of denials, misdirection, citations to patently inapplicable policy sections and legal authority, and other forms of obfuscation, notwithstanding Plaintiffs having been repeatedly advised of the inapplicability of the contract citations and legal authority cited. This case, therefore, is rife acts constituting a pattern of unfair practices, as contemplated by C.G.S § § 38a-816(6).

Additionally, Counterclaimant cites to and alleges in paragraphs 28 and 29 two additional cases in which Plaintiff CSAA was sued based on a pattern unfair practices. As indicated below, discovery is required to more fully develop those facts.

Finally, in Paragraphs 30 through 34, Counterclaimant cites to and alleges that in *Justyn Cyr et al. v. CSAA Fire & Casualty Insurance Company,* Docket No. 3:16-cv-00085 CSAA provided false and misleading denials of coverage that were contrary to other sections of its policy that provide coverage - precisely what happened here. At Paragraph 33 Counterclaimant directly addresses the fact that, although the *Cyr* case was terminated without finding a violation of C.G.S § 38a-816(6), it was dismissed on procedural grounds, not the presence or absence of unfair practices. In short, based on Counterclaimant's reading, the court neither addressed nor ruled on whether or not the alleged facts violated C.G.S § 38a-816(6). Those facts, if proven in this case, constitute a pattern of unfair practices.

Also relevant are Counterclaimant's allegations at paragraphs 32 and 33. In *Cyr*, Plaintiff Cyr had protested that CSAA had refused to provide discovery responses relating to insurance carriers' tactics which is available to CSAA from Insurance Services Office (ISO). Counterclaimant alleged that said information is provided directly only to insurance companies, but can be obtained indirectly, by compelling responses from insurance companies to discovery demands. The *Cyr* court noted that Plaintiff Cyr had not sought court relief to compel production in the face of refusals to provide the discovery and could not, therefore, rely on dissatisfaction with CSAA's discovery responses as substantive evidence to overcome a summary judgment motion. Again, Counterclaimant herein alleges that, in *Cyr*, the allegations of false and misleading denials of coverage contrary to other sections of a policy that provides coverage were not substantively resolved in *Cyr* by the Summary Judgment ruling. At paragraph 34, by contrast, Counterclaimant alleges that, when this court authorizes discovery to begin in this case, Counterclaimant intends to demand production of the evidence needed to demonstrate the pattern of unfair practices alleged herein, including that related to the allegations in *Cyr* and other cases similar to *Cyr*.

In *Belz v Peerless Ins. Co*. 46 F. Supp. 3d 157*; 2014 U.S. Dist. LEXIS 121695 ** Hon. Janet Hall observes:

> … what constitutes a "general business practice" and the frequency with which the plaintiff needs to prove that the defendant has unfairly resolved claims are far less clear. See 12 Robert M. Langer et al., Conn. Prac. Series, Unfair Trade Practices § 3.13, at 248-61 (2013) (discussing inconsistency in the case law surrounding "general business practices" in CUTPA/CUIPA claims and extensively citing cases).
> Page 166

3

Judge Hall also observed:

> Rather, the appropriate consideration is whether the plaintiff has made facially plausible factual allegations that, in the circumstances of the particular case, the defendant has engaged in the alleged wrongful acts **_enough_** to suggest it has a general business practice of doing so. See *Karas v. Liberty Ins. Corp.*, 3:13-CV-01836 (SRU), 33 F. Supp. 3d 110, 2014 U.S. Dist. LEXIS 98322, 2014 WL 3579524, at *5 (D. Conn. July 21, 2014); *Quimby v. Kimberly Clark Corp.*, 28 Conn. App. 660, 672, 613 A.2d 838 (1992). Relevant factors **_may_** include: the degree of similarity between the alleged unfair practices in other instances and the practice allegedly harming the plaintiff; the degree of similarity between the insurance policy held by the plaintiff and the policies held by other alleged victims of the defendant's practices; the degree of similarity between claims made under the plaintiff's policy and those made by other alleged victims under their respective policies; and the degree to which the defendant is related to other entities engaging in similar practices. See *Karas*, 2014 U.S. Dist. LEXIS 98322, 2014 WL 3579524, at *5.

Id, supra, pages 165-166. Emphasis Added.

Judge Hall concludes:

> It is important to note that there is no "magic number" of other instances that a plaintiff must allege to survive a motion to dismiss on an unfair settlement practices claim under CUIPA through CUTPA's enforcement provision; rather, the allegations must be considered in the context and circumstances presented by the entire complaint. Viewing the allegations in the light most favorable to the *Belzes*, the three alleged other instances of unfair settlement practices are sufficient because of the degree of similarity between them and the *Belzes*' case, [**18] and the fact that Peerless has an incentive and mechanism to avoid liability under its current policy language. If proven, these allegations, like those in *Karas*, 2014 U.S. Dist. LEXIS 98322, 2014 WL 3579524, at *5, contain sufficient facts to show that Peerless, as a member of the Liberty Mutual Group, has a general business practice of unfairly settling disputes in the particular circumstances present here. Therefore, Peerless's Motion to Dismiss Count Three is denied.

Id, page167.

Also notable is that there is no rule requiring that the nature of the loss (e.g., fire, vs. construction vs. accident) be identical to that before this court. The nature of the unfair practice, not the type of loss, determines whether there is a pattern of unfair practices.

Counterclaimant respectfully submits, therefore, that the protracted number of unfair acts cited in this case, the virtually identical claim with respect to the nature of the unfair acts in the *Cyr* case, and the unfair practices alleged in the two cases alleged in paragraphs 28 and 29 are such that Counterclaimant has satisfied the pleading requirement established by the authorities cited herein.

Respectfully submitted,
DEFENDANT JASON YERUSHALMI


/s/ Robert J. Sullivan, Jr.
By_____
Robert J. Sullivan, Jr.
LAW OFFICES OF ROBERT SULLIVAN
2220 Park Ave., Bridgeport, CT 06604
Tel. No. 203/227-1404
Federal Bar No. CT08969
RSullivan@SullivanFirm.net

CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Robert J. Sullivan, Jr.

_____
　　Robert J. Sullivan, Jr.